## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR382 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 143).

### I. FACTUAL BACKGROUND

After a jury trial, defendant was found guilty on Count I of the Indictment charging him with Conspiracy with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1), 851; Count III of the Indictment charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and Counts IV, V, VI, and VII of the Indictment charging him with Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a) and (c).  The court sentenced defendant to the custody of the Bureau of Prisons for 360 months for Count I, 10 years for Count III, and 20 years for each of Counts IV, V, VI, and VII, all to run concurrently, followed by 10 years of supervised release on Count I, 3 years on Count III, and 6 years each as to Counts IV, V, VI, and VII, all to run concurrently.  Defendant filed a direct appeal arguing that the jury had insufficient evidence to convict him and that the court erred by overruling his motion in limine and enhancing his sentence based on his

prior convictions.  The Eighth Circuit affirmed defendant's conviction and sentence.  *See United States v. Velazquez*, 410 F.3d 1011 (8th Cir. 2005)

In his § 2255 motion, defendant raises the following five issues: (1) law enforcement filed a defective affidavit, complaint and search warrant; (2) prosecutorial misconduct; (3) the district court abused its discretion when it knew or should have known about the prosecutorial misconduct; (4) ineffective assistance of counsel during the pretrial and sentencing stages of defendant's case; (5) ineffective assistance of counsel during the appellate stage of defendant's case.

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

A § 2255 movant's claims may be limited by procedural default. Claims that were raised and decided on direct appeal ordinarily cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Moreover, a petitioner cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.  *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994).  Even constitutional or jurisdictional claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice or actual innocence. *Bousley*

2

*v. United States*, 523 U.S. 614, 622 (1998); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

### III. DISCUSSION

**Claim One - Defective Affidavit**

In defendant's first claim he argues that he was prejudiced because in their effort to obtain a search warrant, the Columbus Police filed a defective affidavit. Specifically, defendant argues that the affidavit omitted essential facts concerning whether the information in the affidavit was provided by a citizen or an informant. Defendant further argues that his defense counsel was ineffective for failing to prevent the use of the defective search warrant.

Defense counsel, Stuart Dornan, filed a motion to suppress on January 8, 2003. In the motion, defendant, through his counsel, argued that one of the bases for suppressing the evidence was the fact that the affidavit for the search warrant did not set forth sufficient facts to establish probable cause, and the search warrant lacked particularity with respect to persons or things. (Filing No. 15.) Defense counsel also specifically raised the argument that the affidavit omitted essential facts concerning whether the information provided in the affidavit was provided by a citizen or an informant. In Magistrate Judge Thalken's Report and Recommendation, he concluded that even though the officer did not include in the affidavit whether a witness was an informant or a citizen, the information was provided directly to the officer, included statements against the witnesses penal interest, and many of the facts were corroborated by independent police investigation. Therefore, under the totality of the circumstances, Officer Molczyk was

3

entitled to consider the informant's information reliable for the purposes of obtaining a search warrant, and sufficient probable cause existed to support issuing a warrant.  (Filing No. 27.)  Defendant  filed an objection to the Report and Recommendation on February 24, 2003.  (Filing No. 28.)  The court denied defendant's objection and adopted the Report and Recommendation concluding  that there was sufficient corroboration of the witness's information and that the warrant would be upheld regardless of whether he was an independent citizen or a reliable confidential informant.  (Filing No. 31.)

Based on this record, this court has already determined that the affidavit was not defective, and defendant has not provided the court with any new factual or legal basis to alter this decision.  Therefore, defendant's claim is denied.

**Claims Two, Three and Four**

Next, defendant claims that the prosecutor committed misconduct during the pretrial and sentencing phases of his case, the court violated his constitutional rights during the pretrial and sentencing phases of his case, and his attorney was ineffective during the pretrial and sentencing phases of his case for: (1) using or allowing the use of the defective affidavit by Officer Molczyk; (2) bringing the case when the conspiracy evidence was insufficient; (3) violating defendant's right to a speedy trial; (4) trying multiple conspiracies in front of the jury; (5) allowing a variance within the indictment; (6) allowing defendant to proceed to trial when the government, the court, and defense counsel knew or should have known that he was mentally ill.

When a defendant alleges prosecutorial misconduct, the defendant must demonstrate flagrant misconduct and substantial prejudice.  *United States v. Manthei*, 979

4

F.2d 124, 126-27 (8th Cir. 1992).  Furthermore, to establish ineffective assistance of counsel, defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id.* at 687.

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687.  Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id.* at 697.

The court has already addressed and dismissed defendant's first challenge, arguing that the affidavit by Officer Molczyk was defective; therefore, for the reasons stated above, this claim is denied.

Next, defendant argues that the government committed misconduct by violating defendant's right to a speedy trial because the superseding indictment was filed more than thirty days after defendant's arrest on the drug conspiracy charge alleged in the original indictment.  During the proceedings in this case defense counsel filed a pretrial motion to dismiss based on this same argument.  (Filing No. 75.)  The court denied the motion

5

stating that this contention is without merit.  The court reasoned that because defendant had already been arrested on charges stemming from the first indictment, there was no connection with the subsequent charges.  Accordingly, the thirty-day limit did not apply. *See United States v. Beal*, 940 F.2d 1159, 1162 (8th Cir. 1991).  (Filing No. 80.) Therefore, because this issue was decided and defendant has not set forth any factual or legal reason why this decision should be reconsidered, this claim is denied.

Defendant also argues that defense counsel was ineffective for allowing him to sign a waiver of his rights under the Speedy Trial Act.  In support of his claim defendant attaches a letter from defense counsel with an attached affidavit of defendant that requests a continuance to allow counsel time to prepare pretrial motions, and states an understanding that this time will be excluded from the Speedy Trial time.  These documents, however, do not establish ineffective assistance of counsel.  Defendant has not provided any evidence to the court that he did not freely and voluntarily sign the affidavit.  Furthermore, defendant cannot establish that defense counsel's request for additional time to prepare pretrial motions violates either prong of the *Strickland* test.  First, it is not unreasonable or incompetent to request additional time to prepare for trial, and second, defendant has not established how the signing of this waiver prejudiced the outcome of his case.  Therefore, this claim fails.

Next, defendant argues that there was insufficient evidence to convict him of conspiracy and that the government improperly tried multiple conspiracies in front of the jury.  Defendant also argues that his counsel was ineffective for allowing the prosecution to try multiple conspiracies in front of the jury and for knowing that the conspiracy evidence was insufficient.

6

Here, the record does not support defendant's allegations.  Defendant chose to try his case in front of a jury and the prosecutor presented the evidence it had to support the charge of conspiracy.  Defense counsel cross-examined all the witnesses and the jury was instructed on the elements of a conspiracy.   After reviewing the evidence and its instructions, the jury determined that defendant was guilty.  Defense counsel made a motion for judgment of acquittal, and defense counsel's motion was sustained only as it pertained to the charge that the defendant used a firearm in furtherance of the conspiracy that was alleged.  (Filing No. 126.)  On direct appeal, defendant challenged his conviction of conspiracy based on the sufficiency of the evidence, and the Eighth Circuit affirmed his conviction.  *United States v. Velazquez*, 410 F.3d 1011,  1015 (8th Cir. 2005)  In addressing the sufficiency of the evidence, the Eighth Circuit concluded that "[h]ere, the jury found the government's witnesses to be credible and accepted their testimony.  The testimony of these witnesses established a sufficient factual basis for a jury to find that Velazquez committed the offenses charged by the government."  Therefore, based on this record defendant's claim that there was insufficient evidence to charge him with conspiracy fails.

Furthermore,  other  than  defendant's  general  allegation  that  the  prosecutor improperly tried multiple conspiracies to the jury, the defendant has  not established how the prosecutor tried multiple conspiracies in front of the jury.  And a review of the record reveals that there were not multiple conspiracies tried in front of the jury.

Defendant next asserts claims of prosecutorial misconduct and ineffective assistance of counsel in regards to the quantity and type of methamphetamine.  Defendant first argues that the government committed misconduct because it failed to prove the

amount of methamphetamine found by the jury.  Second, defendant argues that the government committed misconduct because it did not establish whether he was in possession of d- or l-methamphetamine.  Finally, defendant argues that his defense counsel was ineffective for not challenging the drug quantity calculation.

At  trial the government presented evidence of drug quantity, the jury evaluated the evidence, and found defendant responsible for 500 grams or more of a mixture or substance containing methamphetamine.  At sentencing the court determined that the conspiracy defendant was charged with involved fifteen kilograms of methamphetamine and sentenced defendant according to this conclusion.  Defendant has failed to set forth any reason why this drug determination by the jury and the court establishes prosecutorial misconduct.

Furthermore, defendant cannot establish that he was prejudiced by the prosecutor's failure  to  establish whether the type of methamphetamine was d- or l-methamphetamine. Based on defendant's two prior convictions, defendant was sentenced to life in prison; therefore, the  type  of  methamphetamine  he  possessed  would  not  have  altered  his sentence.

Defendant next argues that there was a variance between the  November 20, 2002, indictment; the April 24, 2003, superseding indictment; the January 23, 2004, second superseding indictment; and the evidence presented at trial.  Defendant argues that the prosecutor committed misconduct in trying the case and his counsel was ineffective for failing to object to the variance.  This allegation is not supported by the record.  A review of the record shows that there was no variance between what was charged in the indictments and the evidence presented at trial.

Defendant next argues that the prosecutor committed misconduct by improperly using prior convictions that were over ten years old to enhance his sentence. Further, defendant argues that his counsel was ineffective for failing to object to the use of these convictions.

The court enhanced defendant's sentence based on the prior convictions pursuant to 21 U.S.C. § 851, and the age of the conviction is not a limiting factor under this statute. Furthermore, defense counsel did challenge the use of these convictions to enhance defendant's sentence at sentencing and on appeal. At sentencing, this court found that the government had sufficiently established the prior felonies, and the Eighth Circuit affirmed this decision on appeal. Claims that were raised and decided on direct appeal ordinarily cannot be relitigated in a § 2255 Motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Therefore, this claim is denied.

Next, defendant asserts that his sentence is in error because the sentencing guideline system is unconstitutional. It appears that defendant is attempting to make an argument based on *United States v. Booker*, 543 U.S. 220 (2005). But the Eighth Circuit has ruled that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005).

Finally, defendant argues that the prosecutor and the court committed misconduct and violated his constitutional rights when they knew or should have known that defendant was mentally ill. Further, defendant argues that he received ineffective assistance of counsel on this same basis. Defendant asserts that because the presentence investigation

9

report quoted a 2001 psychiatric assessment of defendant that stated he was in therapy and was taking medication for his mental illness, it was error for him to stand trial.  It is not the prosecutor's responsibility to assess and determine if a defendant is fit to stand trial.  Therefore, there was not misconduct on the part of the prosecutor.  Moreover, other than citing the presentence investigation report, defendant does not provide any other evidence that he was incompetent to stand trial.  This is not enough to establish that his counsel performed outside the wide range of reasonable professional assistance or that the outcome of his trial was prejudiced.  Therefore, this claim is denied.

**Claim Five - Ineffective Assistance of Counsel on Appeal**

In his fifth claim, defendant argues that he received ineffective assistance of counsel on direct appeal.  Defendant's primary argument is that his counsel was ineffective for failing to raise the arguments addressed under Claims Two, Three and Four of this Memorandum and Order.  As the government states in its brief, on appeal the job of counsel is to highlight those issues that are most likely to prevail.  *See Smith v. Murray*, 477 U.S. 527, 536 (1986) ("[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (citation omitted).  As addressed in detail above, the issues defendant raises in his § 2255 motion are without merit; therefore, counsel was not ineffective for failing to raise these issues on appeal.

Further, defendant argues that his counsel on direct appeal was constitutionally ineffective and laboring under a conflict of interest for failing to argue on appeal that defendant's trial counsel was ineffective.  But ineffective assistance claims are generally

not raised on direct appeal.  In fact, the Eighth Circuit often refuses to address such claims

if they are raised, directing defendants to raise the issue in a postconviction proceeding.

*See United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003) ( "[w]e decline Piercefield's

invitation and state our oft repeated refrain-claims of ineffective assistance of counsel are

best evaluated on facts developed outside of the record on direct appeal and are properly

raised in a post-conviction motion under 28 U.S.C. § 2255 and not on direct appeal" ), *cert.*

*denied*, 539 U.S. 969 (2003).  Therefore, defendant's claim is denied.

IT IS ORDERED:

1.  Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody (Filing No. 143) is denied;

2.  A separate judgment will be entered;

3.  The Clerk of Court is directed to send a copy of this Memorandum and Order and

Judgment to defendant at his last known address.

DATED this 27th day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

11