IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:02CR382 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 176, the Motion to Vacate, Set Aside Sentence: Pursuant to U.S.C. § 2241 Coram Nobis,[1] filed by the defendant, Angel Velazquez.

On September 27, 2006, this court entered an order and judgment (Filing Nos. 149 and 150) denying the defendant's previous motion pursuant to 28 U.S.C. § 2255 (Filing No. 143). On December 6, 2007, the Eighth Circuit Court of Appeals affirmed the denial of the defendant's § 2255 motion. On November 7, 2008, this court entered an order and judgment (Filing Nos. 172 and 173) denying the defendant's second § 2255 motion (Filing No. 167) as a successive motion not certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255. Subsequently, on January 15, 2009, the Eighth Circuit Court of Appeals denied defendant's petition for authorization to file a successive 28 U.S.C. § 2255 motion (Filing Nos. 174 and 175).

On April 7, 2009, the defendant filed a Motion to Vacate, Set Aside Sentence: Pursuant to U.S.C. § 2241 Coram Nobis. He seeks appointment of counsel to present his claim of actual innocence "due to the unconstitutional law library and legal program [at his

---

[1] Throughout his motion, the defendant refers to the remedy of "croam nobis." The court interprets this as reference to the writ of error coram nobis.

facility], as well as being an unschooled, uneducated, impoverished individual of Puerto Rican decent [sic]."[2]   (Filing No. 176, p. 5-6).

**Coram Nobis**

A petition for writ of error coram nobis seeks relief under the All Writs Act, or 28 U.S.C. § 1651,[3] which authorizes federal courts to grant the common law writ of error coram nobis. See *Fleming v. United States,* 146 F.3d 88, 89 (2d Cir.1998) (citing *United States v. Morgan,* 346 U.S. 502 (1954)). "Coram nobis is essentially a remedy of last resort for petitioners who are *no longer in custody* pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Id*. at 89-90 (emphasis added).

Velazquez is in federal custody and the Eighth Circuit precludes coram nobis relief to a federal prisoner. *United States v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Kindle*, 88 F.3d 535, 536 (8th Cir. 1996); *Zabel v. United States Attorney,* 829 F.2d 15, 17 (8th Cir. 1987). Additionally, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise coved by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania*

---

[2] If the defendant wishes to file an action alleging constitutional violations with respect to the law library at his facility, he must do so in a separate action.

[3] The All Writs Act provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651(2006).

*Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)).  In this case, the relief that Velazquez seeks is available under 28 U.S.C. § 2255.[4]

Even if § 2255 was not controlling, Velazquez has not shown that an error "of the most fundamental character" applies and, therefore, he does not appear to meet the requirements for issuance of coram nobis relief.  *Noske*, 235 F.3d at 406.   The court finds that the proper method for Velazquez to challenge his conviction is under § 2255.  Because the writ of corum nobis is not applicable, the court will address Velazquez's motion under § 2255.

**28 U.S.C. § 2255**

Having reviewed Filing No. 176, the court finds that the motion is properly characterized as "successive" within the meaning of 28 U.S.C. §§ 2255 and 2244(b).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application.  Also, 28

---

[4] The federal habeas corpus statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2008).

U.S.C. § 2255 provides that a second or successive section 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

28 U.S.C. § 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

4

>> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
>> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Similarly, 28 U.S.C. § 2255 states, in pertinent part:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**Actual Innocence**

The Eighth Circuit Court of Appeals has stated that "[a]n actual innocence claim is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" [Wadlington v. United States, 428 F.3d 779, 783 (8th Cir. 2005)](#) (quoting [Schlup v. Delo, 513 U.S. 298, 315 (1995)](#)).  In order to establish a claim of actual innocence, a defendant must "'support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial,'" and demonstrate "'it is more likely than not that no reasonable juror

5

would have convicted him in the light of the new evidence.'" *Id.* (quoting *Schlup,* 513 U.S. at 324, 327). The Eighth Circuit has determined that "[t]his standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction." *Id*.

The defendant merely alleges that he has an actual innocence claim without asserting any support for his allegation. Instead, he represents that, in the absence of a sufficient law library and access to skilled legal aides, he is unable to present his claim to the court without appointed counsel. Actual innocence claims are usually fact-based, and defendant fails to explain the basis for his assertion that he needs counsel and/or a sufficient law library or legal assistance, to assert his alleged claim. The court previously found, in response to his first § 2255 motion, sufficient evidence to support his conviction.[5] The defendant has made no showing why he did not address the actual innocence claim in his direct appeal or previous § 2255 motions.

**Conclusion**

The defendant's current § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255. Therefore, Filing No. 176, the "Motion to Vacate, Set Aside Sentence: Pursuant to U.S.C. § 2241 Croam [sic] Nobis," filed by the defendant Angel Velazquez, is denied. Accordingly, Filing No. 177, the "Motion to Proceed Informa [sic] Pauperis," is also denied as moot. Judgment will be entered accordingly.

---

[5] The Court of Appeals had previously affirmed the defendant's conviction and sentence, finding that the testimony of the government's witnesses "established a sufficient factual basis for a jury to find that Velazquez committed the offenses charges by the government." (*United States v. Velazquez*, 410 F.3d 1011, 1016 (8th Cir. 2005)).

6

THEREFORE, IT IS ORDERED:

1. Defendant's "Motion to Vacate, Set Aside Sentence: Pursuant to U.S.C. § 2241 Croam [sic] Nobis," Filing No. 176, is denied as a successive petition.

2. Defendant's "Motion for Leave to Proceed Informa [sic] Pauperis," Filing No. 177, is denied as moot.

3. A separate Judgment will be entered.

DATED this 26th day of October, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.