IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANGEL VELAZQUEZ,<br><br>Defendant. | 8:02CR382<br><br>ORDER |

This matter is before the Court on the request of the defendant seeking compassionate release. Filing No. 188. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Defendant has exhausted his administrative remedies with the prison system. In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Under the law, it matters not that the COVID-19 pandemic creates a great health risk to many prisoners.  Administrative exhaustion under the Act is a jurisdictional prerequisite to this Court making a decision as to compassionate relief.[1]

---

[1] *See* e.g., *United States v. Heath,* CR-13-102-SLP, 2020 WL 1957916, at *1 (W.D. Okla. Apr. 23, 2020) (the Court stated it had no authority to waive the exhaustion requirement as it is a statutory requirement); *See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement."); *United States v. Bell*, No. 16-20008-02-DDC, 2020 WL 1923086 at *2 (D. Kan. Apr. 21, 2020) (court lacked jurisdiction over defendant's motion for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic due to failure to exhaust administrative remedies; *United States v. Gonzalez*, No. 18-cr-00130-PAB, 2020 WL 1905071 at *2-3 (D. Colo. Apr. 17, 2020) (the judiciary lacks "power to craft an exception" to §

According to the defendant, he has filed and been denied a request for compassionate release by the Bureau of Prisons. Accordingly, the Court will order the United States Probation office to prepare an investigative report, review the relevant medical records attached in Filing No. 191 and provide the Court with any additional relevant records not included in the filing, and conduct a review of the home detention placement as outlined in the defendant's motion. The Court will likewise order the government to file its response.

**THEREFORE, IT IS ORDERED THAT**:

1. The United States Attorney's office, Joseph Kelly, shall have 14 days from the date of this order a to file a responsive brief; and

2. The United States Probation Office, Doug Steensma, is ordered to review the defendant's motion and BOP records and file an investigative report within 30 days.

Dated this 4th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

3582(c)(1)(A)'s exhaustion requirement and because defendant's motion failed to indicate warden had responded to administrative request or that 30 days had lapsed from the warden's receipt of such request, motion had to be dismissed for lack of jurisdiction); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773 at *1 (D. Colo. Apr. 3, 2020) (finding court lacked jurisdiction over the defendant's request for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic where he did not satisfy exhaustion requirement);"While courts do have some flexibility to disregard exhaustion requirements when they are judicially imposed," "statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced." *United States v. Roberts*, 2020 WL 1700032 *1-2 (S.D.N.Y. April 8, 2020); *United States v. Cox*, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); the Third Circuit Court of Appeals has held that § 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *U.S.A. v. Gillis,* 14-CR-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020).